UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> KUSTOMKOOZIES, LLC and ROBERT LIDDLE, <br><br> Defendant. | ) ) ) ) ) ) ) Cause No.: 1:09-cv-1378 LJM-JMS ) ) ) ) ) ) |

## AMENDED COMPLAINT FOR INJUCTION AND DAMAGES

Plaintiff, Norwood Promotional Products, LLC (hereinafter, "Plaintiff"), by and through its attorneys, for its Amended Complaint for Damages and Injunctive Relief against Defendant, KustomKoozies, LLC ("Kustom Koozies") and Robert Liddle ("Liddle"), its owner (together, "Defendants"), based on the investigation of counsel and upon information and belief, alleges as follows:

### Introduction

1. This is an action for injunction, damages, and other appropriate relief arising out of Defendants' violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C §1125(c), 15 U.S.C. §1117(c), as well as Defendants' common law trademark infringement and breach of contract.

2. Plaintiff, as holder and owner of the federally registered KOOZIE® trademark, seeks relief, including relief to enjoin Defendants' wrongful use of the KOOZIE® trademark in commerce.

**Parties, Jurisdiction, and Venue**

3.      Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff's corporate headquarters are located in Marion County, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204

4.      Defendant Kustom Koozies is a North Carolina limited liability company with its principal place of business at 10615 Peppermill Drive, Raleigh, North Carolina 27614.

5.      Defendant Kustom Koozies does business over the Internet and solicits business from customers located throughout the United States from a fully interactive e-commerce website, www.kustomkoozies.com (the "Website").

6.      Defendant Liddle is a North Carolina resident who can be served at his place of business, 10615 Peppermill Drive, Raleigh, North Carolina 27614.  Liddle owns Kustom Koozies.

7.      This Court's subject-matter jurisdiction is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

8.      Venue lies within this district pursuant to U.S.C. §§ 1391 (b) and (c).

**Factual Background**

9.      The history of KOOZIE® insulated beverage containers began in 1979, when a Texas entrepreneur created a device consisting of an insulated sleeve that surrounds a beverage receptacle.  Millions of KOOZIE® branded insulated beverage containers have since been sold, in part because the external surface of these containers is ideal for promoting products, events and slogans.

10. In 1989, Norwood Promotional Products, Inc. ("Old Norwood") purchased the company that produced KOOZIE® insulated beverage containers and acquired rights in the KOOZIE® mark.

11. In 2005, Old Norwood engaged in litigation with Kustom Koozies and Robert Liddle concerning the KOOZIE® mark. The parties litigated for nearly a year, and in August 2006 the matter was settled pursuant to a confidential settlement agreement (the "Settlement") containing a license agreement (the "License").

12. In 2009, Old Norwood was granted Chapter 11 bankruptcy and on July 3, 2009, substantially all of its assets, including the Settlement, the License and rights to the KOOZIE® mark, including all goodwill, were sold to Plaintiff.

13. Plaintiff is the largest supplier of promotional products in the United States. Plaintiff employs several thousand associates in the United States. Plaintiff's current product line includes over 4,800 innovative products.

14. Defendants are in the business of selling custom-designed insulated beverage can holders to retail customers, many of whom place orders on the internet. Defendants use the mark KOOZIE® in connection with the sale of such products, as part of its company name, and in its internet website address, www.kustomkoozies.com.

15. Defendants have agreed to use the KOOZIE® mark in accordance with the requirements of the License.

16. Beginning in 2008, Plaintiff advised Defendants of their failure to comply with the License. These violations include, but have not been limited to, the following: (1) failure to use KOOZIE® in all caps; (2) use of KOOZIE® as a noun rather than an adjective; (3) failure to recognize KOOZIE® as a recognized registered trademark of Old Norwood or Plaintiff; (4)

failure to identify KOOZIE® as a licensed mark from Old Norwood or Plaintiff on every page of Defendants Website; and (5) improper registration and use of other internet domain names. After repeated violations of the License by Defendants, Plaintiff decided to commence this action.

## COUNT I

### Trademark Infringement

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16, as if set forth in full herein.

18. Plaintiff is the owner of federal trademark registration number 3240989 for the word mark KOOZIE® for the identified goods of "[i]nsulated containers for beverage cans."

19. Defendants' conduct as described herein violates 15 U.S.C. §1114(1), which specifically forbids Defendants to:

> a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or
>
> b. reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

20. Defendants' conduct also constitutes common law trademark infringement, as well as violation of the Indiana Trademark Act, Ind. Code § 24-2-1 *et seq*.

21. Defendants committed these wrongful acts with knowledge that such use of the term "koozie" (and words of similar sound and spelling) was intended to be used to cause confusion, or to cause mistake, or to deceive.

22. As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to damages, including but not limited to, injunctive relief as well as Defendants' profits from the sale of all infringing goods, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation and attorneys' fees.

## COUNT II

### Federal Trademark Dilution

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22, as if set forth in full herein.

24. Plaintiffs KOOZIE® trademark is a famous mark.

25. Defendants' use in commerce of the term "koozie" is without the permission, consent or authorization of Plaintiff, has diluted and is now diluting, blurring and tarnishing the reputation of Plaintiff's unique, distinctive and famous trademark, thereby diminishing its value.

26. Defendants' products tarnish Plaintiff's famous KOOZIE® mark and cause damage to Plaintiff

27. Defendants' adoption and use of the term "koozie" was undertaken willfully and in bad faith to profit from Plaintiff's famous KOOZIE® trademark by trading on the valuable and distinctive quality of this famous mark.

28. Unless enjoined by this Court, Defendants' acts of trademark dilution will cause Plaintiff to suffer irreparable damages, loss and injury for which Plaintiff has no adequate remedy at law.

29. Defendants' violations of 15 U.S.C. §1125(c) entitle Plaintiff to recover damages, including but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damage, costs of suit and attorneys' fees.

## COUNT III

### Unfair Competition

30. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29, as if set forth in full herein.

31. Defendants' unauthorized use of the term "koozie" in connection with insulated beverage containers constitutes unfair competition with Plaintiff, as Defendants' conduct has and will continue to deceive the relevant consuming public about the goods displayed on Defendants' website.

32. Plaintiff has been damaged by Defendants' wrongful conduct.

33. Defendants' unfair competition entitles Plaintiff to recover damages including, but not limited to, Defendants' profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit and attorneys' fees.

## COUNT IV

### Breach of Contract

34. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33, as if set forth in full herein.

35. Plaintiff has performed all terms, provisions and conditions which it was required to perform under the License, except as excused or prevented by the conduct of Defendant.

36. Defendants have breached, and continue to breach, the License by continuing to inappropriately and without authorization use, manufacture, market and sell products utilizing the "koozie" term.

37. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

## COUNT V

### Corrective Advertising Damages

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37, as if set forth in full herein.

39. Defendants have published and advertised over the internet, and through other public media returns to the KOOZIE® mark as well as pictures of the unauthorized and infringing products bearing the KOOZIE® mark.

40. Such publication and advertising were unauthorized, and the acts of publishing and advertising, standing alone, are wrongful and caused damages to Plaintiff.

41. Plaintiff seeks an award of such damages necessary to remedy those wrongs and to correct the misinformation in the marketplace resulting from the unauthorized and unlawful publications and advertisements.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, in addition to the relief requested above, respectfully requests the following relief:

A. A permanent injunction providing that, pursuant to 15 U.S.C. §1116, Defendants and their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

      (i)      Infringing on the KOOZIE® mark in any manner; and

      (ii)      Manufacturing, marketing, advertising, distributing, selling, promoting, licensing, exhibiting or displaying any product or service using the KOOZIE® mark or any copies or counterfeits thereof or anything confusingly similar thereto; and

      (iii)      Otherwise infringing on the trademark; and

      (iv)      Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' products are endorsed by Plaintiff or any related company, sponsored by Plaintiff or any related company, or are connected in any way with Plaintiff or any related company; and

      (v)      Interfering in the existing contracts or business expectancies of Plaintiff in any manner whatsoever; and

      (vi)      Using the KOOZIE® mark in any manner whatsoever; and

      (vii)      Holding themselves out as a licensee or otherwise authorized user of the KOOZIE® mark; and

      (viii)      Using the KOOZIE® mark in promotional literature or materials, including those posted on the Internet.

B.      Awarding transfer to Plaintiff of all rights and interests Defendants may have in any and all websites or domain names referencing the KOOZIE® mark, including, but not limited to, www.kustomkoozies.com.

C.      Awarding actual damages in Plaintiff's favor for all damages sustained as a result of Defendants' wrongdoing in an amount to be proven at trial, including interest;

D.      Awarding Defendants' profits in favor of Plaintiff for all profits obtained by Defendants in an amount to be proven at trial, including interest;

E. Awarding treble or punitive damages to Plaintiff;

F. Awarding Plaintiff reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees;

G. Permanently enjoining Defendants from the activities which caused injury to Plaintiff as set forth herein; and

H. Such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/Jonathan G. Polak
Jonathan G. Polak, Attorney No. 21954-49
Keirian A. Brown, Attorney No. 28481-53
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone: 317.713.3500
Facsimile: 317.713.3699
jpolak@taftlaw.com
kbrown@taftlaw.com
Attorneys for Plaintiff,
Norwood Promotional Products, LLC

1129399