IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:09-cv-1378-LJM-JMS |
| KUSTOMKOOZIES, LLC and ROBERT LIDDLE, | ) ) ) | |
| Defendants. | ) ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT and COUNTERCLAIM**

Defendants KustomKoozies, LLC and Robert Liddle, by counsel, answer the Amended Complaint for Injunction and Damages (Doc. 8; "complaint") as follows:

1.      The introductory Paragraphs 1 and 2 are Plaintiff's characterization of its action and are deemed allegations to which no response pleading is required.  Alternatively, the allegations are denied.

2.      Defendants admit the allegation of Plaintiff's address in Paragraph 3, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendants affirmatively allege that they do not know the location of Plaintiff's "nerve center" pursuant to *Hertz v. Friend et al.*, No. 08-1107 slip op. (U.S. Feb. 23, 2010).

3.      Defendants admit that Kustom Koozies is a North Carolina entity, and admit the remaining allegations of Paragraphs 4 through 6.

4.      Defendants deny that Plaintiff's unfair competition claim is joined with a substantial claim under the trademark laws, and admit the remaining allegations of Paragraph 7.

5.      Defendants deny that venue is proper under 28 U.S.C. § 1391(a), and admit the remaining allegations of Paragraph 8. Defendants further respectfully reserve the right to seek transfer under 28 U.S.C. § 1404.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 9 & 10.

7.      Defendants admit that Old Norwood engaged in litigation with them and that there was a confidential settlement agreement and trademark license agreement entered into in August, 2006 as alleged in Paragraph 11.  Defendants affirmatively allege that the parties engaged in litigation in federal district courts in both North Carolina and Indiana.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 12 & 13.

9.      Defendants deny that the mark KOOZIE® is incorporated in their company and website addresses, and admit the remaining allegations of Paragraph 14.

10.     Defendants deny the allegations of Paragraph 15 on the ground that the complete and accurate expression of the agreements in the Settlement and License can only be determined from the documents as a whole together with any subsequent amendments and interpretations by the parties.

11.     Defendants deny the allegations of Paragraph 16.

12.     Defendants incorporate their responses to Paragraphs 1 through 16.

13.     Admit the allegations of Paragraph 18 and affirmatively allege that the records of the Trademark Office show the assignment of the registration to Norwood Promotional Products, LLC, One Bic Way, Suite 1, Shelton, Connecticut 06484.

14.     Defendants deny the allegations of Paragraphs 19 through 22.

15.     Defendants incorporate their responses to Paragraphs 1 through 22.

16.     Defendants deny Paragraphs 23 through 41.

Wherefore Defendants respectfully request that the Plaintiffs be denied all relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state a plausible claim for relief.

2.     The Southern District of Indiana is an inconvenient forum because Kustom Koozies is a small family business located in Raleigh, North Carolina where its records are kept, its website is maintained, and its two principle executives, Robert and Julie Liddle, reside.

3.     Plaintiff has unclean hands, has acquiesced, delayed or should be found estopped because since acquiring Old Norwood it gave no notice or opportunity to cure any alleged violations of the Settlement or License before terminating the agreements and filing this action.

4.     Old Norwood and Plaintiff breached the Settlement and License agreements and Plaintiff may not seek to enforce those agreements against Defendants.

5.     Plaintiff having breached the Settlement and License agreements, Defendants are free to, and do, contend that Plaintiff's alleged mark is a generic name.

6.     Plaintiff having breached the Settlement and License agreements, Defendants are free to, and do, contend that Plaintiff's alleged mark is not famous.

7.     Plaintiff having breached the Settlement and License agreements, Defendants are free to, and do, contend that Plaintiff's alleged mark is not inherently distinctive has not become distinctive because retail purchasers do not associate the mark with Plaintiff alone.

8.     Plaintiff having breached the Settlement and License agreements, Defendants have used Plaintiff's alleged mark in a trademark sense only as authorized by Plaintiff and otherwise have only used the word "koozie" in a descriptive way.

9.     Plaintiff having breached the Settlement and License agreements, Defendants respectfully reserve the right to assert additional defenses under Lanham Act §33(b) as further proceedings may reveal.

10.     Norwood does not require authorized dealers of their products to comply with all of the terms and conditions required by "Old Norwood" and upon which a November 2, 2009 termination and this action were based.

## COUNTERCLAIM

Defendants, by counsel, state the following counterclaims against Plaintiff.

1.     Counterclaim plaintiff Kustom Koozies LLC ("Kustom") is a North Carolina entity with offices in Raleigh, North Carolina.

2.     Counterclaim defendant Norwood Promotional Products, LLC is the alleged successor to Norwood Operating Company, LLC. d/b/a Norwood Promotional Products ("Norwood").

3.     On or about August 24, 2006, Kustom and its principal, Robert Liddle, entered into a confidential settlement agreement and trademark license ("Agreements"), among other documents, to resolve then pending litigation.

4.     Norwood claims to be a successor in interest with all rights and obligations imposed on its predecessor by the Agreements.

5.     In May through July, 2008, counsel purporting to represent Norwood's predecessor, "Old Norwood," communicated with Mr. Liddle only despite requirements in the

Agreements that copies of all such communications must be sent to Kustom's and Mr. Liddle's counsel.

6.      Norwood's predecessor, "Old Norwood," alleged in broad generalities that Kustom was failing to abide by trademark usage provisions in the Agreements.

7.      On or about July 30, 2008, Mr. Liddle last replied to the series of communications by counsel on behalf of "Old Norwood."  Mr. Liddle identified the corrective actions he had taken.  Those steps included scanning the www.kustomkoozies.com website, identifying a small number of non-conforming trademark uses, updating and changing the website, uploading the changes pages, and re-scanning the website.

8.      Neither "Old Norwood", Norwood, or their respective counsel ever communicated again with Mr. Liddle until on or about November 3, 2009 when Kustom, Mr. Liddle, and their counsel were sent a purported termination of one or all of the Agreements.

9.      The November 2009 correspondence identified no particular alleged violations of trademark usage requirements, offered no period to cure alleged usage issues, announced for the first time that "Old Norwood" had been acquired by Norwood, and this action was filed shortly thereafter.

### BREACH OF CONTRACT

10.      Kustom at all relevant times reasonably complied with the trademark usage requirements of the Agreements as well as all other material provisions.

11.      Kustom responded and used commercially reasonable efforts to cooperate with Norwood's predecessor during the 2008 communications.

12.     Norwood, as the purported successor to "Old Norwood" failed to request in writing that Kustom modify its marketing and promotional materials, failed to comply with the notice and cure provisions, and otherwise breached the Agreements.

13.     Norwood's actions have caused Kustom and Mr. Liddle to engage counsel and defend this action thereby causing damage to Kustom.

14.     Norwood's actions have disrupted Kustom's business causing damage to Kustom.

15.     Norwood has not dealt with Kustom in good faith and in a fair manner of dealing.

16.     Norwood has breached the Agreements by the actions identified above to Kustom's damage.

### CANCELLATION OF REGISTRATION AND DECLARATION OF INVALIDITY

17.     The foregoing allegations are incorporated by reference.

18.     Lanham Act §37 gives this Court the power to cancel Norwood's word mark KOOZIE, Reg. No. 3,240,989, IC 21 for insulated containers for beverage cans ("Mark").

19.     By virtue of Norwood's breaches of the Agreements, Kustom is free to challenge the Mark which is not incontestable.

20.     Regardless of what connotations as a source identifier it may have once possessed, "koozie" has become widely used as one of a small number of generic terms for foam or other insulating material sleeves for beverage containers.  This generic use has continued, if not accelerated, since on or about August, 2006.

21.     "Koozie" as a generic term is found not only in product advertising materials including national television and radio commercials in addition to internet uses, but has become a noun used in communications and formal writing to describe the objects themselves.

22.     "Koozie" is not inherently distinctive and has not become distinctive in that retail purchasers in particular do not associate the mark with Norwood alone.

23.     The Mark should be cancelled and declared invalid.

24.     The great disparity in resources, the history of the parties' dealings, and the manner in which Norwood breached the agreement should be found to constitute exceptional circumstances entitling Kustom to an award of reasonable attorney fees as the prevailing party under Lanham Act §35.

Wherefore, Kustom respectfully requests damages in an amount to be determined, reasonable attorney fees, cancellation of the Mark, and a declaration by the Court that the Mark is invalid.

Respectfully submitted,

/s Craig E. Pinkus
Craig E. Pinkus, Atty. No. 5749-49
cpinkus@boselaw.com
Melinda R. Shapiro, Atty. No. 18153-49
mshapiro@boselaw.com
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 684-5000
Facsimile:  (317) 684-5173

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served via the Court's electronic filing system upon the following counsel of record this 10th day of March, 2010.

Jonathan G. Polak, Esq.
jpolak@taftlaw.com

/s Craig E. Pinkus
Craig E. Pinkus

1623101_1/18242-2