UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-01378-JMS-MJD |
| | ) | |
| KUSTOMKOOZIES, LLC, and ROBERT LIDDLE, | ) | |
| *Defendants.* | ) | |
| | ) | |

### ORDER

Presently before the Court in this trademark action is Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment and for Discovery Under Rule 56(d). [Dkt. 52.]

Plaintiff Norwood Promotional Products, LLC, ("Norwood"), strung Defendants along during discovery until it was ready to move for summary judgment on Defendants' invalidity counterclaim and then cited its pending motion for summary judgment to justify generally refusing to answer the discovery. [*See* dkt. 54.][1] In Norwood's view, the parties' prior settlement and licensing agreement completely prohibit Defendants from claiming invalidity here, so efficiency considerations dictate litigating the effect of that agreement before litigating the merits of the invalidity claim. [*See* dkt. 61 at 2-5.]

Norwood is wrong as a matter of procedure. Under the case management plan that the parties jointly negotiated—and that the Court approved—the parties agreed that bifurcation of fact discovery regarding liability was inappropriate. [*See* dkt. 31 at 4 ¶B.] If any party later decided otherwise, that party agreed to "notify the Court as soon as practicable," [*id.* at 3 ¶J], so

---

[1] Norwood was content, however, to propound discovery on Defendants resulting in 512,954 electronic documents and 13,782 pages of paper documents. [*Id.* ¶25.]

that the Court could consider whether it was appropriate to defer discovery on certain issues until others had been resolved. Therefore if Norwood wanted to propose the bifurcation position it now advances, it should have filed a motion to that effect with the Court. It never did. Rather Norwood here resorted to impermissible self help, rather than pursue the proper procedures of modifying the case management plan or seeking a protective order.

Norwood is also wrong on the substance. Had Norwood actually moved to amend the Case Management Plan—rather than unilaterally bifurcating the merits of the invalidity counterclaim from the parties' affirmative defenses about the settlement and licensing agreement, [*see* dkt. 20 at 3-5; dkt. 23 at 2]—the Court would have denied that motion. For one thing, while Norwood labels Defendants' discovery as "expensive," [dkt. 61 at 12], it has offered no evidence to back up that conclusion; the Court's own review of the discovery requests shows them to be (at least facially) reasonable. But more importantly, the Court agrees with the Defendants that they should have the opportunity to develop the factual record for their claims, especially that Norwood's own (alleged) failure to comply with the agreement's notice-and-opportunity-to-cure provision prevents Norwood from relying upon the agreement's no-contest provision. *Felker v. Southwestern Emergency Med. Serv.*, 521 F. Supp. 2d 857, 869 (S.D. Ind. 2007) ("[U]nder Indiana law, a party first guilty of a material breach of contract may not maintain an action against the other party or seek to enforce the contract against the other party should that party subsequently breach the contract." (quotation and alteration omitted)).[2]

Where, as here, a party shows by affidavit that it justifiably cannot currently "present facts essential to justify its opposition" to a motion for summary judgment, the Court has several

---

[2] The Court notes that Norwood claims that Defendants breached first. The Court makes no finding here as to who breached first; a Rule 56(d) motion is no place to argue the merits of a motion for summary judgment.

options. Fed. R. Civ. Pro. 56(d). Under the circumstances in this case, the most appropriate option is to "deny" the motion for summary judgment, as premature. *See* Fed. R. Civ. Pro. 56(d)(1).

Accordingly, the Court **GRANTS** Defendants' Rule 56(d) motion, [dkt. 52] and **DENIES AS PREMATURE** Norwood's motion for partial summary judgment, [dkt. 47]. Norwood's discovery objections relating to its pending motion for summary judgment are **OVERRULED**. If the parties cannot reach agreement about the validity of Norwood's other current discovery objections—and it is too late now for Norwood to add new ones, *see* Fed. R. Civ. Pro. 33(b)(4), Fed. R. Civ. Pro. 34(b)(2)(A)-(B)—Defendants should move to compel no later than **January 12, 2011**. To ensure that Defendants have sufficient time to obtain their discovery responses and prepare for summary judgment, the current fact and liability discovery-cutoff is extended from January 14, 2011 to **February 14, 2011**. Further, any future motion for summary judgment must be filed no earlier than **February 15, 2011** and no later than **March 7, 2011**. Other dates in the case management plan may only be extended by order of Court.

01/06/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Keirian Antares Brown
TAFT STETTINIUS & HOLLISTER LLP
kbrown@taftlaw.com

Robert D. Davis Jr.
BOSE MCKINNEY & EVANS, LLP
rdavis@boselaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP

cpinkus@boselaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com