UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, | ) ) ) | |
| Plaintiff and Counter Defendant, | ) ) ) ) | |
| v. | ) ) | 1:09-cv-1378-JMS-WGH |
| KUSTOMKOOZIES, LLC, and ROBERT LIDDLE, | ) ) ) ) | |
| Defendants and Counter Claimants. | ) ) | |

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Defendants' Motion to Compel filed January 12, 2011. (Docket Nos. 68-69). The Plaintiff filed a Response on February 16, 2011. (Docket No. 89). The Defendants filed a Reply with Exhibits on February 24, 2011. (Docket No. 94). The Magistrate Judge conducted a hearing on February 25, 2011, at which the Plaintiff produced the Declaration of Tammy Wiard. The Defendants were granted an extension of time to respond to that Declaration. The Defendants filed a Supplemental Brief on February 25, 2011. (Docket No. 99). The Plaintiff filed a Stipulation Regarding Lost Profits and a Response to Supplemental Brief on February 28, 2011. (Docket Nos. 100-101). The Defendants filed their Response to Declaration of Tammy Wiard on March 7,

2011 (Docket No. 107-08), and the Plaintiff filed a Reply to that Response on March 10, 2011 (Docket No. 112).  The Defendants filed a Further Response to Declaration of Tammy Wiard on March 11, 2011.  (Docket No. 117).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Defendants' Motion to Compel.

### General Parameters

1. Any further searches of databases required by this order shall include the additional search terms listed at footnote 2 found in Docket No. 112 of this court's docket sheet and, in addition, shall contain the search term "Robert Liddle."

2. Norwood need not conduct a search on the approximately 1150 archived .pst files.  The Magistrate Judge concludes that to do so is unduly burdensome and is not likely to result in the discovery of significant admissible evidence based on the Declaration of Tammy Wiard.

3. Norwood need not conduct a search of its approximately 130 backup tapes that were designed for disaster recovery and not for information retrieval.  Such a search is unduly burdensome based on the Declaration of Tammy Wiard.

4. To the extent that a search has not been made of individual laptops, Kustomkoozies may designate not more than four individuals who they believe have critical knowledge in this case.  Searches of any personal laptops shall be limited to personal business laptop computers of those four individuals.  The search protocol will remain as described in paragraph 1 of this order.

5. Based on the Stipulation filed at Docket No. 100, information regarding lost profits and corrective advertising damages is not relevant to the claim before the court and need not be produced at this time.

6. To the extent further document production is required by this order, Norwood is reminded that it may not object to production on the basis of attorney-client privilege or the attorney work product doctrine in a blanket manner. Rather, they must provide an appropriate privilege log for any documents withheld based upon a claim of attorney work product protection or attorney-client privilege.

7. As to responses to what the court will deem to be "contention" requests found at Requests 16-22, Norwood is required to make an initial good faith production of those items currently in its possession which relate to the theories pled. Norwood, of course, may be required to supplement the responses as discovery reveals new or additional documents. Supplementation is required by the completion of discovery date.

8. The Defendants' Motion to Compel further responses to the First Set of Requests for Production is **DENIED** as to Requests 1-2, 9-12, 23-27, 30-32, and 42-49 (as being unduly broad).

9. The Defendants' Motion to Compel is **GRANTED** as to Requests 3 and 4, specifically to require Norwood to obtain information within the control of their Texas attorneys.

10.   Further response using the ESI protocol described at paragraph 1 above is required for Requests for Production 6-8, 13, 33, 35-41, 50-55.

11.   Request for Production 34 is **GRANTED** as to any contract with or reported by persons designated as testimonial experts.  Other communications which may be covered by the attorney-client privilege or attorney work product doctrine need not be disclosed at this time, but should be listed in an appropriate privilege log.

**SO ORDERED.**

**Dated:**  March 18, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Keirian Antares Brown
TAFT STETTINIUS & HOLLISTER LLP
kbrown@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Erin C. Nave
TAFT STETTINIUS & HOLLISTER LLP
enave@taftlaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com

Robert D. Davis Jr.
BOSE MCKINNEY & EVANS, LLP
rdavis@boselaw.com