UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| NORWOOD PROMOTIONAL PRODUCTS, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff and Counter Defendant, | ) |  |
|  | ) |  |
| v. | ) | 1:09-cv-1378-JMS-WGH |
|  | ) |  |
| KUSTOMKOOZIES, LLC, and ROBERT LIDDLE, | ) |  |
|  | ) |  |
| Defendants and Counter Claimants. | ) |  |

**ORDER ON MOTION FOR LEAVE TO FILE
PLAINTIFF'S SECOND AMENDED COMPLAINT**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Motion for Leave to File Plaintiff's Second Amended Complaint filed by the Plaintiff on January 28, 2011. (Docket No. 83). The Defendants filed their responsive brief on February 14, 2011. (Docket No. 88). The Plaintiff filed its reply brief on February 24, 2011. (Docket No. 92).

The Magistrate Judge, being duly advised, now **GRANTS** the Motion for Leave to File Plaintiff's Second Amended Complaint.

In 2005, the Plaintiff, Norwood Promotional Products, LLC ("Norwood"), sued Defendants KustomKooziees, LLC and Robert Liddle ("Kustom") over allegations that Kustom made unauthorized use of Norwood's mark. The parties entered into a Settlement Agreement, which was signed contemporaneously with

a License Agreement permitting Kustom limited use of the mark in or about August 2006.[1]

In the original Complaint filed in this case on November 3, 2009, the Complaint references the prior confidential Settlement Agreement and License Agreement at paragraph 11 of the Complaint.  However, the Complaint did not allege a breach of contract claim specifically addressing the Settlement Agreement itself.  Rather, it brought actions under Count I for trademark infringement, Count II for federal trademark dilution, Count III for unfair competition, and Count IV which specifically alleged at paragraph 36 that "Defendants have breached, and continue to breach, the License by continuing to inappropriately and without authorization use . . . the 'koozie' term."  In Count V, Norwood sought corrective advertising damages.

Two days after filing its original Complaint, on November 5, 2009, Norwood filed an Amended Complaint raising exactly the same causes of action but seeking injunctive relief as well as damages.

Norwood now seeks to amend its Complaint to allege a breach of the Settlement Agreement referenced in the original Complaint but not specifically pled to be breached in the original and First Amended Complaint.

---

[1]Norwood apparently went through a corporate reorganization under Chapter 11 of the United States Code and assigned the Settlement Agreement and License Agreement to a new corporate entity.  Neither party argues that this assignment alters the court's analysis in any material manner.

The Magistrate Judge concludes that the amendment should be allowed because the claim for a breach of the Settlement Agreement is not futile. It is clear that the Settlement Agreement contained terms which encompass more than those terms within the License Agreement itself. There is no argument that a statute of limitations bars bringing such a claim.

The Magistrate Judge concludes that Norwood has not unduly delayed bringing the amendment such that the filing causes undue prejudice to Kustom. While a year has passed from the filing of the lawsuit to the Amended Complaint, Kustom has not established that there have been any depositions of Norwood or other discovery devices directed to Norwood which need to be retaken because Kustom was unaware of the possible claim of breach of the Settlement Agreement.

Kustom does raise the issue of whether good cause has been shown for Norwood's failure to seek leave to amend by the date established in the Case Management Plan of June 4, 2010. In this case, Norwood alleges that it learned for the first time about certain breaches of the Settlement Agreement at a deposition taken on November 16, 2010. Kustom argues that Norwood should have had evidentiary support for allegations at an earlier point in time. Kustom also suggests that their answers to interrogatories provided lists of additional web sites. However, Kustom's answers to those interrogatories were not served until July 2, 2010, after the deadline had been established in the Case Management Plan to amend. The Magistrate Judge concludes that because the

interrogatory responses were not served until after the deadline for amendments, good cause has been shown to file an amendment after the deadline in the Case Management Plan.

Kustom also argues that they are entitled to a dispositive ruling on the portions of Norwood's Complaint that are being dismissed. Specifically, Kustom requested in its Counterclaim an award of attorney's fees under § 35 of the Lanham Act. The Magistrate Judge concludes, however, that Norwood's determination to delete those claims from its Complaint does not require Kustom to dismiss their Counterclaim. Kustom may continue to pursue their Counterclaim if they choose to do so at this time. No prejudice, therefore, arises to Kustom's Counterclaim from the dismissal of certain claims made a part of the Second Amended Complaint. For these reasons, Norwood's motion for leave to file a Second Amended Complaint is **GRANTED.**

The Magistrate Judge, in addition, notes the filing of a motion seeking leave to file the Second Amended Complaint and the supporting memorandum under seal. However, Kustom's response in opposition reflects, at page 12, that Kustom has approved declassifying and unsealing the 2006 Settlement and License Agreements, and there is, therefore, no need for the matter to remain under seal. The request to file the documents under seal (Docket No. 80) is **DENIED.**

**SO ORDERED.**

**Dated:** April 4, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Keirian Antares Brown
TAFT STETTINIUS & HOLLISTER LLP
kbrown@taftlaw.com

Robert D. Davis Jr.
BOSE MCKINNEY & EVANS, LLP
rdavis@boselaw.com

Erin C. Nave
TAFT STETTINIUS & HOLLISTER LLP
enave@taftlaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com