UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORWOOD PROMOTIONAL ) <br> PRODUCTS, LLC, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KUSTOMKOOZIES, LLC and ) <br> ROBERT LIDDLE, ) <br> ) <br>       Defendants. ) | Cause No.: 1:09-cv-1378 JMS-MJD |

## SECOND AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff, Norwood Promotional Products, LLC (hereinafter, "Plaintiff"), by and through its attorneys, for its Second Amended Complaint for Damages and Injunctive Relief against Defendant, KustomKoozies, LLC ("Kustom") and Robert Liddle ("Liddle"), its owner (together, "Defendants"), based on the investigation of counsel and upon information and belief, alleges as follows:

### Introduction

1.  This is an action for injunction, damages, and other appropriate relief arising out of Defendants' violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C §1125(c), 15 U.S.C. §1117(c), as well as Defendants' common law trademark infringement and breach of contract.

2.  Plaintiff, as holder and owner of the federally registered KOOZIE® trademark (the "Mark"), seeks relief, including relief to enjoin Defendants' wrongful use of the Mark in commerce.

**Parties, Jurisdiction, and Venue**

3. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware. At the time suit was filed, Plaintiff's corporate headquarters were located in Marion County, 10 West Market Street, Suite 1400, Indianapolis, Indiana 46204

4. Defendant Kustom is a North Carolina limited liability company with its principal place of business at 10615 Peppermill Drive, Raleigh, North Carolina 27614.

5. Defendant Kustom does business over the Internet and solicits business from customers located throughout the United States from a fully interactive e-commerce website, www.kustomkoozies.com (the "Website").

6. Defendant Liddle is a North Carolina resident who can be served through his counsel of record. Liddle is the president and owner of Kustom.

7. This Court's subject-matter jurisdiction is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

8. Venue lies within this district pursuant to U.S.C. §§ 1391 (b) and (c).

**Factual Background**

*History of KOOZIE and Norwood's Ownership.*

9. The history of KOOZIE® insulated beverage containers ("IBCs") began in 1979, when a Texas entrepreneur created a device consisting of an insulated sleeve that surrounds a beverage receptacle. Millions of KOOZIE® branded insulated beverage containers have since been sold, in part because the external surface of these containers is ideal for promoting products, events and slogans.

10. Norwood Promotional Products, Inc. ("Old Norwood") ultimately acquired rights in the Mark through various acquisitions. Old Norwood was the largest supplier of promotional products in the United States. It employed several thousand associates in the United States. Old Norwood's product line included over 4,800 innovative products.

11. Old Norwood filed for bankruptcy protection in 2008, leading to a sale of substantially all of its assets, including the Mark, the Settlement Agreement and the License Agreement (as hereinafter defined) out of bankruptcy to Plaintiff in July, 2009. Plaintiff remains the largest seller of promotional products in the United States, with several thousand associates in the United States. Its product line continues to include over 4,800 products.

12. On December 16, 1980, Old Norwood's predecessor-in-interest to the Mark obtained Registration No. 1143428 in the Mark. Although that Mark was subsequently canceled in 2001 on a missed Section 8 filing, common law rights continued to exist.

13. On February 3, 2004, Old Norwood filed an application to register the KOOZIE mark.

*The Prior Litigation Between the Parties.*

14. In 2005, Old Norwood engaged in litigation with Defendants concerning the Mark. Specifically, Defendants were selling IBCs on their website, www.kustomkoozies.com (the "Website"), in violation of the intellectual property rights owned by Old Norwood.

15. On February 4, 2005, Defendants initiated an action (Case No. 5:05-CV-91-BO(1)) in the United States District Court for the Eastern District of North Carolina (the "North Carolina Action") against Norwood Promotional Products, Inc. ("Old Norwood"). In the North Carolina Action, Defendants challenged the validity of the Mark by asserting, among other things, that the Mark was "a generic term for an insulated beverage can holder."

16. On February 14, 2005, Old Norwood initiated an action (Case No. 1:05-CV-0229-LJM-WTL) (the "Indiana Action") against Defendants in the United States District Court for the Southern District of Indiana. In the Indiana Action, Defendants challenged the validity of the Mark by asserting, among other things, that the Mark was "a generic term for an insulated beverage can holder."

17. Defendants and Old Norwood executed a confidential settlement agreement (the "Settlement Agreement") (attached hereto as Exhibit "A") contemporaneously with a license agreement (the "License Agreement") (included in Exhibit "A") permitting Defendants limited use of the Mark, on or about August 2006.

18. The Settlement Agreement and License Agreement were both heavily negotiated, with all parties being represented by competent, experienced intellectual property counsel.

*Terms of the Settlement Agreement*

19. The Settlement Agreement was intended by the parties to "settle all of the claims and defenses at issue in both the Indiana and North Carolina Actions." Pursuant to the Settlement Agreement, the Indiana and North Carolina Actions were dismissed with prejudice, including Defendants' claim that the KOOZIE mark was generic.

20. Material to the consideration for the Settlement Agreement was the placement of limitations on Defendants' use of the Mark in their business. Such material terms included, but were not limited to, the following:

      a. Kustom agreed to expressly abandon its own then-pending application to register KUSTOM KOOZIES with the United States Patent & Trademark Office.

    b. Kustom and Liddle agreed not to "oppose, or assist anyone else in opposing, Norwood's pending application (Serial No. 76573657) in the PTO or to register the mark KOOZIE . . . ")

    c. Kustom and Liddle agreed not to attempt to cancel or assist any third party in seeking to cancel, any resulting registration of the KOOZIE mark." (Application No. 76573657 (the "Application")).

    d. Kustom and Liddle agreed to "never challenge, or cause to be challenged, or assist any third-party in challenging, Norwood's ownership of or rights in or to the KOOZIE mark."

    e. Kustom and Liddle agreed to never again to "file any application or seek to register any mark, or to attempt to obtain ownership of any mark, trade name or internet domain name (except to the extent permitted by the license granted herein) anywhere throughout the world that incorporates the term "koozie" or any similar mark."

21. Following the Settlement Agreement, the Mark was registered on May 15, 2008 (Registration No. 3,240,989) without any further interference or opposition from Kustom.

***Terms of the License Agreement.***

22. The License Agreement provided Kustom a limited, non-exclusive, non-assignable license to use the Mark in connection with its online IBC retail business.

23. To maintain the license, Kustom agreed to comply with a number of standard licensing requirements, such as not using the Mark in ways not authorized under the License, and to only offer for sale "Licensed Goods" under the Mark. Kustom further agreed to only purchase IBC's sold under the Mark from the Licensor (Old Norwood or its successor), unless the requested product was unavailable.

24. Kustom was also required to comply with certain "minimum brand standards" that included such obvious and easily complied-with terms as:

    a. Using the Mark in all capital letters;

    b. Using the Mark at least once on each page of any advertising, promotional or marketing materials, including any web pages;

      c. Using the superscript TM in superscript to the right of the "E" in the licensed mark; and

      d. Using the Mark only as an adjective, and not in any generic fashion.

25. The License Agreement had other requirements that mirrored other terms in the Settlement Agreement. Such terms primarily related to restrictions on website registration as well as future challenges to the Mark itself. These terms include, but were not limited to, the following:

      a. The license was limited to only the website identified by the domain, [WWW.KUSTOMKOOZIES.COM](WWW.KUSTOMKOOZIES.COM) and no other websites. (Section 2(a)).

      b. KUSTOM could not do anything inconsistent with Plaintiff's ownership of the Mark. (Section 4).

26. Although the Agreement was not terminable at the will of the parties, it was terminable by the licensor in the event Kustom received notice of a breach and failed to remedy it within thirty (30) days after receipt of written notice of the breach. No such right to cure existed with respect to any breach of the Settlement Agreement.

27. In the event of termination by written notice, Kustom had thirty (30) days to sell-off its remaining supply of "Licensed Goods", and within five (5) months was required to provide licensor written confirmation that it had ceased use of the Licensed Mark and that all other materials bearing the Mark had been destroyed.

28. The License Agreement was assignable by Old Norwood at its sole discretion and without any need for consent by Kustom.

***Old Norwood Provides Notice of Breach, and Defendants Fail to Cure.***

29. On May 6, 2008, counsel for Old Norwood sent a letter to Defendants regarding their non-compliance with the License Agreement (the "Non-Compliance Letter"). Therein, Old

Norwood identified a number of breaches of the License Agreement, including the requirement that the Mark be used in all capital letters and must be followed by the appropriate subscript notice "®."

30. Defendants received the Non-Compliance Letter, discussed it with their attorney in North Carolina, Swain Wood, and have claimed an attempt to cure those defects contained in the Non-Compliance Letter. Due to the high number of violations of the brand standards, and general indifference to compliance with those agreements, Defendants never cured all the defects described in the Non-Compliance letter.

31. Thirty days later, Defendants remained in breach of the License Agreement. Section 7 of the License Agreement allows Old Norwood to terminate the agreement if any breach is not cured within thirty (30) days of written notice. No further notice or right to cure existed or was otherwise required, and the License Agreement was terminable at any time following that date.

32. On November 3, 2009, Plaintiff, through counsel, provided Defendants notice of termination of the License Agreement due to Kustom's failure to cure the identified breaches (the "Termination Notice"). Plaintiff not only failed to cure during the thirty (30) day cure period, but wholly failed to use the additional time, despite Norwood's bankruptcy, to attempt any other effort at curing the breaches.

33. Kustom never provided any written confirmation of any cessation of use. Kustom continues using the Mark to this day without authorization.

*Norwood Files Suit and Learns of Additional Breaches.*

34. Upon termination of the License Agreement, Plaintiff filed the instant suit on November 3, 2009.

35. In response to this action, and contrary to the express terms of the Settlement Agreement and the License Agreement, Defendants have asserted a counterclaim and affirmative defenses that contend that the Mark is invalid. Specifically, in making these counterclaims and affirmative defenses, Defendants have breached the "no challenge" provisions found in Section 5 of the Settlement Agreement and Section 4 of the License Agreement.

36. Through discovery, Plaintiff has learned of additional breaches of the Settlement Agreement, including but not limited to:

    a. Within months of signing the Settlement Agreement, and without Old Norwood or Norwood's permission or knowledge, Defendants registered and obtained ownership of numerous internet domain names that incorporate the term "koozie" or a similar mark (the "Koozie Domains"), including, but not limited to:

- www.kustomkooziesonline.com
- www.cheapbeerkoozies.com
- www.justkoozies.com
- www.kooziesrock.com
- www.printedkoozies.com
- www.logokoozies.com
- www.wedding-koozies.com
- www.customcankoozies.com
- www.reviewkoozies.com

(collectively, the "Non-Licensed Koozie Websites"). None of these website registrations were contemplated or authorized under the License Agreement or the Settlement Agreement. In fact, they were expressly prohibited.

    b. The License Agreement only permitted use of the Mark on the Website. Yet, Defendants not only illegally use the Mark in connection with the website names listed above, they also use the Mark in text on these and other sites, including, but not limited to, www.brandnameproductions.com and www.kustomcoozies.com (the "Non-Licensed Other Websites"). Further, these other uses were never otherwise compliant with the other terms of the License Agreement, such as the minimum brand standards.

    c. Kustom has never undertaken any effort to purchase IBC's from only Norwood as required under the Agreement.

## COUNT I

### BREACH OF CONTRACT:  SETTLEMENT AGREEMENT

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 as if set forth in full herein.

38. Plaintiff and its predecessors-in-interest have performed all terms, provisions and conditions which it was required to perform under the Settlement Agreement.

39. Defendants have breached the Settlement Agreement in numerous ways, including but not limited to the following:

   a. Registering and/or using internet domain names incorporating the Mark that were not authorized under the Settlement Agreement;

   b. Filing suit to declare the Mark invalid for any reason, and in doing so challenging, or causing to be challenged, Plaintiff's ownership of or rights in or to the Mark;

   c. Filing suit to cancel Norwood's trademark registration with the United States Patent and Trademark Office in the Mark; and

   d. Otherwise breaching the License Agreement, the terms of which were incorporated into the Settlement Agreement.

40. Defendants have breached, and continue to breach, the Settlement Agreement in these and other ways, and in so doing have caused Plaintiff damage, including Plaintiff's attorneys fees in defending against those improper counterclaims asserted in this action in violation of the "no challenge" provisions.

41. Plaintiffs further seek an order of this Court enjoining Defendants from acting in violation of their contractual obligations found in the Settlement Agreement, including registration and operation of any internet domain or website that uses the Mark, as well as any act by Defendants in violation of the "no challenge" provisions.

## COUNT II

## BREACH OF CONTRACT: LICENSE AGREEMENT

42. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41, as if set forth in full herein

43. Plaintiff and its predecessors-in-interest have performed all terms, provisions and conditions which it was required to perform under the License Agreement.

44. During the term of the License Agreement, Defendants breached the License Agreement in numerous ways, including but not limited to the following:

    a. Failing to use the Mark within the limitations imposed in the License Agreement;

    b. Failing to only use the Mark in connection with www.kustomkoozies.com, and in registering and using other internet domains containing the Mark;

    c. Failing to purchase insulated beverage containers sold under the Mark only from Plaintiff or Plaintiff's predecessor-in-interest unless otherwise unavailable;

    d. Failing to market only "Licensed Goods" under the Mark, including sales through unauthorized websites owned by one or more Defendants that used the Mark without permission;

    e. Acting inconsistently with Plaintiff's or Plaintiff's predecessor-in-interest's ownership of the Mark;

    f. Failing to comply with the minimum brand standards set forth in the License Agreement, including: (i) use of the Mark in all capital letters; (ii) use of the Mark at least once on every page of any advertising, promotional or marketing materials, including websites; (iii) use of the superscript TM to the right of the "E" in the Mark; and (iv) use of the Mark as an adjective, and not a noun or otherwise in the generic fashion; and

    g. Using the Mark in combination with other Marks in violation of the License Agreement; and

45. Under the License Agreement, Defendant Kustom had post-termination obligations that it failed to comply with as well, and these breaches continue to this day. These breaches included, but were not limited to, the following:

   a. Failing to cease and desist in the use of the Mark as required under the License Agreement after receipt of the Termination Notice; and

   b. Acting inconsistently with Plaintiff's or Plaintiff's predecessor-in-interest's ownership of the Mark by asserting counterclaims and affirmative defenses that seek to cancel or otherwise declare the Mark invalid.

46. Defendant Kustom has breached, and continues to breach, the License Agreement in these and other ways, and in so doing have caused Plaintiff damage, including Plaintiff's attorneys fees in defending against those improper counterclaims asserted in this action in violation of the "no challenge" provisions.

47. Plaintiff further seeks an order of this Court enjoining Defendant Kustom, and all those that act in concert with it, including Liddle, from acting in violation of the contractual obligations found in the License Agreement, including registration and operation of any internet domain or website that uses the Mark, as well as any act by Defendants in violation of the "no challenge" provisions.

## COUNT III

## TRADEMARK INFRINGEMENT

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47, as if set forth in full herein.

49. Plaintiff is the owner of federal trademark registration number 3240989 for the word mark KOOZIE® for the identified goods of "[i]nsulated containers for beverage cans."

50. Defendants' conduct as described herein violates 15 U.S.C. §1114(1), which specifically forbids Defendants to:

      a.    use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

      b.    reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

51.    Defendants' use of the Mark to sell IBCs outside the scope of the License Agreement not only constitutes a breach of the Settlement Agreement and the License Agreement, but is also an independent violation of Plaintiff's trademark rights.

52.    Defendants' continued use of the Mark to sell IBCs after termination of the License Agreement further violates Plaintiff's trademark rights.

53.    Defendants' conduct also constitutes common law trademark infringement, as well as violation of the Indiana Trademark Act, Ind. Code § 24-2-1 *et seq*.

54.    Defendants committed these wrongful acts with knowledge that such use of the term "koozie" (and words of similar sound and spelling) was intended to be used to cause confusion, or to cause mistake, or to deceive.

55.    As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to damages, including but not limited to, injunctive relief as well as Defendants' profits from the sale of all infringing goods, actual damages, statutory damages, treble damages, costs of litigation and attorneys' fees.

## COUNT IV

### UNFAIR COMPETITION

56. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 55, as if set forth in full herein.

57. Defendants' unauthorized use of the term "koozie" in connection with insulated beverage containers constitutes unfair competition with Plaintiff, as Defendants' conduct has and will continue to deceive the relevant consuming public about the goods displayed on Defendants' website.

58. Plaintiff has been damaged by Defendants' wrongful conduct.

59. Defendants' unfair competition entitles Plaintiff to recover damages including, but not limited to, Defendants' profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit and attorneys' fees.

## COUNT V

### DECLARATORY JUDGMENT

60. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59, as if set forth in full herein.

61. Defendants have asserted that Plaintiff breached the License Agreement and is barred from enforcement of the License Agreement against them.

62. Plaintiff seeks Declaratory Judgment that it did not breach its contractual obligations to Plaintiff such to bar any of Plaintiff's claims against Defendants in this action.

63. Plaintiff also seeks Declaratory Judgment that Defendants are barred from challenging the validity of the Mark or otherwise opposing, challenging or petitioning to cancel the Mark.

64. Plaintiff seeks its attorneys' fees and costs in prosecuting this claim.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, in addition to the relief requested above, respectfully requests the following relief:

A. A permanent injunction providing that, pursuant to the express contractual rights found in the Settlement Agreement and/or the License Agreement, or otherwise under 15 U.S.C. §1116, Defendants and their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

(i) Using and/or Infringing the KOOZIE® mark in any manner, including in any corporate name or website internet domain; and

(ii) Manufacturing, marketing, advertising, distributing, selling, promoting, licensing, exhibiting or displaying any product or service using the KOOZIE® mark or any copies or counterfeits thereof or anything confusingly similar thereto; and

(iii) Otherwise infringing on the trademark; and

(iv) Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' products are endorsed by Plaintiff or any related company, sponsored by Plaintiff or any related company, or are connected in any way with Plaintiff or any related company; and

       (v)     Interfering in the existing contracts or business expectancies of Plaintiff in any manner whatsoever; and

       (vi)     Using the KOOZIE® mark in any manner whatsoever; and

       (vii)     Holding themselves out as a licensee or otherwise authorized user of the KOOZIE® mark;

       (viii)     Using the KOOZIE® mark in promotional literature or materials, including those posted on the Internet; and

       (ix)     Such other and further relief to which Plaintiff may show itself otherwise entitled.

B.     Awarding transfer to Plaintiff of all rights and interests Defendants may have in any and all websites or domain names referencing the KOOZIE® mark or any similar mark, including, but not limited to, www.kustomkoozies.com and the Non-Licensed Koozie Websites.

C.     Awarding actual damages in Plaintiff's favor for all damages sustained as a result of Defendants' wrongdoing in an amount to be proven at trial, including interest;

D.     Awarding Defendants' profits in favor of Plaintiff for all profits obtained by Defendants in an amount to be proven at trial, including interest;

E.     Awarding treble or punitive damages to Plaintiff;

F.     Awarding Plaintiff reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees;

G.     Permanently enjoining Defendants from the activities which caused injury to Plaintiff as set forth herein; and

H.     Such other relief as the Court may deem just and proper.

        Respectfully submitted,

        /s/Jonathan G. Polak
        Jonathan G. Polak, Attorney No. 21954-49
        Keirian A. Brown, Attorney No. 28481-53
        TAFT STETTINIUS & HOLLISTER LLP
        One Indiana Square, Suite 3500
        Indianapolis, Indiana 46204
        Telephone:  317.713.3500
        Facsimile:  317.713.3699
        jpolak@taftlaw.com
        kbrown@taftlaw.com

        Attorneys for Plaintiff,
        Norwood Promotional Products, LLC