IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORWOOD PROMOTIONAL PRODUCTS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:09-cv-1378-JMS-WGH |
| KUSTOMKOOZIES, LLC and ROBERT LIDDLE, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants KustomKoozies, LLC and Robert Liddle, by counsel, answer the Second Amended Complaint for Injunction and Damages (Doc. 128; "Second Amended Complaint") as follows:

1. The introductory Paragraphs 1 and 2 are Plaintiff's characterization of its action and are deemed allegations to which no response pleading is required. Alternatively, the allegations are denied.

2. Defendants admit the allegation of Plaintiff's former address in Paragraph 3, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations. Defendants affirmatively allege that effective January 1, 2011, Plaintiff's corporate offices were located at 13321 Myerlake Circle, Clearwater, FL 33760 and that Plaintiff has no continuing business presence in Indianapolis, Indiana. Defendants also affirmatively allege that counsel of record for the claimed federal trademark registration of Koozie is Cheryl L. Chadwick, BIC Corporation, One BIC Way, Suite 1, Shelton, Connecticut 06484. Defendants do

not know the location of Plaintiff's "nerve center" pursuant to *Hertz v. Friend et al.*, No. 08-1107 slip op. (U.S. Feb. 23, 2010).

3. Defendants admit that Kustom is a North Carolina entity, affirmatively allege that Kustom's principal place of business is 10417 Swerling Way, Raleigh, North Carolina 27614, and admit the remaining allegations of Paragraphs 4 through 6.

4. Defendants deny that Plaintiff's unfair competition claim is joined with a substantial claim under the trademark laws, and admit the remaining allegations of Paragraph 7.

5. Defendants deny that a substantial part of the events or omissions giving rise to the claim occurred pursuant to 28 U.S.C. § 1391(b)(2) in the Southern District of Indiana, and affirmatively allege that Kustom Koozies LLC should not be deemed to reside in this district pursuant to 28 U.S.C. § 1391(c) solely on the basis of the pending litigation. Defendants affirmatively allege that Kustom Koozies, LLC, by virtue of doing business on the internet has not intentionally availed itself of the privilege of doing business in Indiana and is not found in the Southern District of Indiana. Defendants affirmatively allege that Robert Liddle resides at 10417 Swerling Way, Raleigh, North Carolina 27614 and is not found in the Southern District of Indiana. Defendants further respectfully allege that, aside from the pending litigation which was filed when Plaintiff had a business presence in this district, there is a lack of personal jurisdiction over the Defendants and venue is improper. Alternatively, transfer is justified under 28 U.S.C. § 1404.

6. Defendants deny that an unidentified entrepreneur "created" the alleged device in 1979, deny that millions of "KOOZIE® branded" products have been sold by Plaintiff, and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 9 through 11. Defendants affirmatively allege that no valid assignments of the

Mark to Plaintiff have been made and recorded with the PTO so that the record owner in the PTO of the alleged Mark at this time is "Norwood Operating Company dba Norwood Promotional Products, Corporation Delaware, 10 West Market Street, Suite 1400 Legal - Trademarks Indianapolis Indiana 46204."

7. Defendants admit that the alleged registration issued on the alleged date, but deny that "common law rights continued to exist" for this Plaintiff as alleged in Paragraph 12.

8. Defendants admit the allegations of Paragraph 13.

9. Defendants admit that Old Norwood engaged in litigation with them. They deny that the litigation concerned the Mark. Defendants deny that they violated any intellectual property rights of Old Norwood by selling goods as alleged in Paragraph 14.

10. Defendants admit that KustomKoozies, LLC initiated the action identified in Paragraph 15, but on the grounds that Defendants did not challenge the validity of the Mark, and that the complete and accurate expression of the allegations by KustomKoozies, LLC can only be determined from the pleadings as a whole, deny the remaining allegations of Paragraph 15.

11. Defendants affirmatively allege that Norwood Operating Company, LLC d/b/a Norwood Promotional Products initiated the action identified in Paragraph 16 against KustomKoozies, LLC, but on the grounds that Defendants did not challenge the validity of the Mark and that the complete and accurate expression of the allegations by Defendants can only be determined from the pleadings as a whole, deny the remaining allegations of Paragraph 16.

12. Defendants affirmatively allege that they entered into a confidential settlement agreement and trademark license agreement in August 2006 with Norwood Operating Company, LLC d/b/a Norwood Promotional Products, but deny that the agreements permitted use of the Mark as alleged in Paragraph 17.

13. Defendants admit the allegations of Paragraph 18.

14. Defendants admit that the Indiana and North Carolina Actions were dismissed with prejudice. Defendants deny the remaining allegations of Paragraph 19 on the ground that the complete and accurate expression of the agreements in the Settlement and License can only be determined from the documents as a whole together with any subsequent amendments and interpretations by the parties.

15. Defendants deny the allegations of Paragraph 20 on the ground that the complete and accurate expression of the agreements in the Settlement and License can only be determined from the documents as a whole together with any subsequent amendments and interpretations by the parties.

16. Defendants affirmatively allege that a federal registration of the Mark issued in error on May 15, 2007 and admit the remaining allegations in Paragraph 21.

17. Defendants deny the allegations of Paragraph 22.

18. Defendants deny the allegations of Paragraph 23 through 28 on the ground that the complete and accurate expression of the agreements in the Settlement and License can only be determined from the documents as a whole together with any subsequent amendments and interpretations by the parties.

19. Defendants admit that they received a letter from counsel for Old Norwood dated May 6, 2008, but deny the remaining allegations in Paragraph 29.

20. Defendants admit that they received the Letter, communicated with their attorney after its receipt, and took corrective action based on the Letter, but deny the remaining allegations in Paragraph 30.

21. Defendants deny the allegations of Paragraph 31.

22. Defendants admit that they received a letter from counsel for Plaintiff dated November 3, 2009, but deny the remaining allegations in Paragraph 32.

23. Kustom admits that it never provided written confirmation of any cessation of use, but denies the remaining allegations in Paragraph 33.

24. Defendants admit that Plaintiff filed this lawsuit on November 3, 2009, but deny the remaining allegations in Paragraph 34.

25. Defendants deny the allegations of Paragraphs 35 and 36.

26. Defendants incorporate their responses to Paragraphs 1 through 36 in response to Paragraph 37.

27. Defendants deny the allegations of Paragraphs 38 through 40.

28. Paragraph 41 is a request for relief and not an allegation to which a response is required. Alternatively, the paragraph is denied.

29. Defendants incorporate their responses to Paragraphs 1 through 41.

30. Defendants deny the allegations of Paragraphs 43 through 46.

31. Paragraph 47 is a request for relief and not an allegation to which a response is required. Alternatively, the paragraph is denied..

32. Defendants incorporate their responses to Paragraphs 1 through 47 in response to Paragraph 48.

33. Defendants affirmatively allege that records of the Trademark Office showing the purported assignment of the alleged registration to Norwood Promotional Products, LLC, One Bic Way, Suite 1, Shelton, Connecticut 06484, are deficient and contradictory, deny that Plaintiff is the registrant of the alleged Mark before the PTO, and admit any allegations of Paragraph 49 not inconsistent with the Trademark Office records.

34. Defendants deny the allegations of Paragraphs 50 through 55 except to the extent Paragraph 55 is a request for relief and not an allegation to which a response is required.

35. Defendants incorporate their responses to Paragraphs 1 through 55 in response to Paragraph 56.

36. Defendants deny the allegations of Paragraphs 57 through 59 except to the extent Paragraph 59 is a request for relief and not an allegation to which a response is required.

37. Defendants incorporate their responses to Paragraphs 1 through 59 in response to Paragraph 60.

38. Defendants admit the allegations of Paragraphs 61 and affirmatively allege that it is an incomplete statement of Defendants' positions on Plaintiff's and its predecessors' conduct.

39. Paragraphs 62 through 64 are requests for relief and not allegations to which a response is required. Alternatively, the paragraphs are denied.

Wherefore Defendants respectfully request that the Plaintiff be denied all relief requested in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a plausible claim for relief.

2. The Southern District of Indiana is an inconvenient forum because Kustom is a small family business located in Raleigh, North Carolina where its records are kept, its website is maintained, and its owners and employees, Robert and Julie Liddle, reside. Additionally, Plaintiff is no longer located in the Southern District of Indiana.

3. Federal Trademark Registration No. 3,240,989 was issued in error and is not a valid registration.

4. No valid assignments of the alleged Mark to Plaintiff have been made and recorded with the PTO. The current registrant of the alleged Mark is Norwood Operating Company dba Norwood Promotional Products, a Delaware corporation, 10 West Market Street, Suite 1400 Legal - Trademarks Indianapolis Indiana 46204.

5. Plaintiff has unclean hands, or should be found estopped from asserting its claims against Defendants, because Plaintiff knew, recklessly disregarded, or should have known that Registration No. 3,240,989 was issued in error yet Plaintiff has persisted in asserting its ownership and attempting to enforce the invalid registration.

6. Plaintiff has unclean hands, has waived, acquiesced, delayed or should be found estopped because Old Norwood breached the Settlement Agreement and License Agreement by sending Defendants notice of breach in May 2008 for failure to use "®", and for having continued to allege such breach in this litigation, without ever having sent Defendants notice that the registration had issued and that a different symbol was to be displayed, as required by Paragraph 5 of the License Agreement.

7. Plaintiff has waived, acquiesced, delayed or should be found estopped because Old Norwood, and later Plaintiff, continued to do business with Defendants under the Agreements after July 2008 when Defendants informed Old Norwood of the corrective action taken in response to Old Norwood's notice of breach of Paragraph 5 of the License Agreement.

8. Plaintiff has unclean hands, has waived, acquiesced, delayed or should be found estopped because since acquiring Old Norwood's assets it gave no notice or opportunity to cure any alleged violations of the Settlement or License Agreements before suing Defendants and terminating the agreements. Plaintiff purported to terminate the License Agreement on the basis

of continued violations of Section 6 of the License Agreement, but Defendants were never given notice of any breach of Section 6 of the License Agreement.

9. Old Norwood and Plaintiff breached the Settlement Agreement by failing to identify with any particularity the supposed breaches so that Defendants could take corrective action. This failure is a breach by Old Norwood and Plaintiff to cooperate with Defendants or use best efforts to effectuate the Agreements.

10. No breach of contract or other claims against Defendants allegedly existing on or before July 2009 were sold or assigned to Plaintiff directly or indirectly by Old Norwood or any other entity.

11. Old Norwood and Plaintiff first breached the Settlement Agreement and License Agreement, and Plaintiff may not seek to enforce those Agreements against Defendants.

12. Plaintiff having breached the Settlement Agreement and License Agreement, Defendants are free to, and do, contend that Plaintiff's alleged mark is a generic name.

13. The notice and cure provision of the License Agreement is incorporated into and made a part of the Settlement Agreement, therefore Defendants were entitled to notice and an opportunity to cure any alleged violation of particular terms of either agreement.

14. An implied duty of good faith and fair dealing applied to Plaintiff with respect to the Settlement Agreement and License Agreement.

15. Plaintiff having breached the Settlement Agreement and License Agreement, Defendants are free to, and do, contend that Plaintiff's alleged mark is not inherently distinctive has not become distinctive because retail purchasers do not associate the mark with Plaintiff alone.

16. During the prior litigation involving Old Norwood and Defendants, Defendants sought no declarations of rights with respect to Old Norwood registered trademarks.

17. The public policy behind invalidating merely descriptive or generic trademarks outweighs the preclusive effect of any provisions in the Agreements addressed to Defendants ability to challenge Plaintiff's alleged federal trademark registration.

18. Plaintiff having breached the Settlement Agreement and License Agreement, Defendants have used Plaintiff's alleged mark in a trademark sense only as authorized by Plaintiff, or to identify Plaintiff's claimed registration. Defendants have only used the word "koozie" and its variants in a descriptive or generic way.

19. Plaintiff having breached the Settlement Agreement and License Agreement, Defendants respectfully reserve the right to assert additional defenses under Lanham Act §33(b) as further proceedings may reveal.

20. Norwood failed to use best efforts, cooperate or act in accordance with fair dealing, by not requiring other authorized dealers of their products to comply with all of the terms and conditions required by "Old Norwood" and asserted in this litigation and the license termination.

21. Plaintiff is barred by its previously filed stipulation in this action (doc. 100) from seeking lost profits or corrective advertising damages.

22. Plaintiff is judicially estopped from seeking any damages except disgorgement of profits.

23. Plaintiff has no contractual basis which could require Defendants to pay its legal fees.

## COUNTERCLAIM

Defendants, by counsel, state the following counterclaims against Plaintiff.

1. Counterclaim plaintiff KustomKoozies LLC ("Kustom") is a North Carolina entity with offices in Raleigh, North Carolina.

2. Counterclaim defendant Norwood Promotional Products, LLC is the alleged successor to Norwood Operating Company, LLC. d/b/a Norwood Promotional Products ("Norwood").

3. In 1979, Concept Enterprises, Inc. applied for a federal trademark registration of a design version of the word "koozie." The example of use of the trademark submitted to the PTO included photographs of goods called a "thermo coaster." The photos depict goods with the tag "It's a KOOZIE."

4. Federal trademark registration Reg. No. 1,143,428 was issued for the KOOZIE design but was allowed to go abandoned in 2001.

5. Upon information and belief, Concept Enterprises and its various successors such as Radio Cap Company continued to use "It's a KOOZIE" on tags or otherwise to refer to their beverage holders. Such use as a noun, the generic name or merely the description of the holder they sold, contributed to the word becoming one of the recognized words for an insulated beverage holder.

6. Norwood Promotional Products, Inc. applied to register the word mark KOOZIE February, 2004.

7. The USPTO, in an Office Action dated August 27, 2004, refused to register "koozie" under Lanham Act §2(e)(1) because the term was merely descriptive.

8. The USPTO, in a Notice of Suspension dated March 31, 2005, maintained and continued its previous refusal to register "koozie" as merely descriptive under Lanham Act §2(e)(1).

9. In a Notice of Suspension dated May 8, 2006, the USPTO again maintained and continued its refusal under Lanham Act §2(e)(1).

10. The Mark was subsequently registered without any response to, or removal of, the Lanham Act §2(e)(1) refusal, making the registration erroneous.

11. "Old Norwood" and its counsel knew or should have known that the May 15, 2007 registration of "koozie" was error because they knew they had never overcome the examiner's consistent rejection of registration because the claimed mark was merely descriptive.

12. Despite knowing or recklessly disregarding the fact of an erroneous registration, "Old Norwood" and Norwood since have aggressively enforced the mark and even claimed to various third parties, including Kustom, that it was "famous" as that term is used in the Lanham Act.

13. After receiving a cease & desist letter, seeking declaratory relief in federal court in North Carolina, and facing a second federal lawsuit filed against them in Indianapolis which they were unable to have dismissed, on or about August 24, 2006, Kustom and its principal, Robert Liddle, entered into a confidential settlement agreement and license ("Agreements"), among other documents, to resolve the litigation.

14. At no time during negotiation of the Agreements or since have "Old Norwood" or Norwood informed Kustom or Mr. Liddle that there were any questions or concerns about the alleged mark's federal registration.

15. Norwood claims to be a successor in interest with all rights and obligations imposed on its predecessor by the Agreements, but it is not the current registrant of the alleged Koozie registration sought to be enforced against Kustom and Mr. Liddle.

16. Since the Agreements were executed and the erroneous word mark registration of "koozie" issued, use of the word koozie as the generic term or description of insulated container holders has continued and the word is now defined as such in dictionaries.

17. Use of the word "koozie" as a generic or merely descriptive term has continued to grow and is found in literature, social communications, and technical documents such as patent applications and registrations.

18. Norwood's alleged registration of the word "koozie" is for goods described as "Insulated containers for beverage cans" but neither "Old Norwood" nor Norwood have placed the alleged mark on their goods.

19. In May through July, 2008, counsel purporting to represent Norwood's predecessor, "Old Norwood," engaged in a series of communications with Mr. Liddle only despite requirements in the Agreements that copies of all such communications must be sent to Kustom's and Mr. Liddle's counsel.

20. In May through July, 2008, counsel purporting to represent Norwood's predecessor, "Old Norwood," engaged in a series of communications with Mr. Liddle rather than first communicating with Kustom's counsel, and then continuing to communicate with and including such counsel on all further communications with Mr. Liddle, when counsel for "Old Norwood" knew or reasonably should have known Kustom had counsel and counsel for "Old Norwood" did not have either the consent of such counsel to communicate directly with Mr. Liddle or Kustom, nor authorization by law or a court order.

21. On or about May 6, 2008, counsel for Norwood's predecessor, "Old Norwood," alleged in broad generalities that Kustom was failing to abide by trademark usage provisions in Paragraph 5 of the License Agreement.

22. On or about May 6, 2008, counsel for Norwood's predecessor, "Old Norwood," informed Kustom for the first time that "koozie" was a federally registered trademark despite the fact that the registration issued, erroneously, in May, 2007.

23. On or about May 6, 2008, counsel for Norwood's predecessor, "Old Norwood," informed Kustom for the first time that "koozie" was to be followed by "the appropriate subscript [sic] notice" apparently meaning the symbol "®" and without noting the fact that the registration issued in May, 2007.

24. "Old Norwood" was obligated under the Agreements to notify Kustom of any change in symbols. The Agreements called for Kustom to use the "™" symbol unless otherwise notified. Kustom and Mr. Liddle could not have been in breach in May 2008 of a trademark use standard never communicated to them.

25. On or about July 30, 2008, Mr. Liddle replied again to the series of communications from counsel on behalf of "Old Norwood." Mr. Liddle identified the corrective actions he had taken. Those steps included scanning the www.kustomkoozies.com website, identifying a small number of non-conforming trademark uses, updating and changing the website, uploading the changes pages, and re-scanning the website.

26. Neither "Old Norwood", Norwood, nor their counsel, who at all operative times were the same outside lawyers, ever communicated again with Mr. Liddle until on or about November 3, 2009 when Kustom, Mr. Liddle, and their counsel were sent a purported

termination of one or all of the Agreements. The November 2009 correspondence announced for the first time that "Old Norwood" had been acquired by Norwood.

27. Norwood did not communicate with Kustom or Mr. Liddle from the time it effectively first controlled or operated the business and assets of "Old Norwood" until the November 3 correspondence and lawsuit.

28. When Norwood acquired assets directly or indirectly from "Old Norwood" on or about July 2009, Norwood did not acquire claims "Old Norwood" claimed to have against Kustom and Mr. Liddle.

29. The November 2009 correspondence alleged for the first time that Kustom had violated Section 6 of the License Agreement but did so without particularity and offered no period to cure the alleged issues.

30. The November 2009 correspondence did not mention trademark usage requirements under Paragraph 5 of the License Agreement or any of the issues identified in the May 2008 correspondence.

31. Norwood filed this action the same day that it purported to terminate the License Agreement.

## BREACH OF CONTRACT

32. Kustom at all relevant times reasonably complied with the trademark usage requirements of the Agreements as communicated by "Old Norwood" as well as all other material provisions.

33. Kustom responded and used commercially reasonable efforts to cooperate with "Old Norwood" and its outside counsel during the 2008 communications.

34. Norwood, as the purported successor to "Old Norwood" failed to request in writing that Kustom modify its marketing and promotional materials, failed to inquire about domain names considered objectionable, failed to comply with the notice and cure provisions, and otherwise breached the License Agreement.

35. Norwood, as the purported successor to "Old Norwood" failed to cooperate and use best efforts, or proceed in good faith, when it initiated this action prior to the existence of an uncured breach in contravention of its covenant not to sue, and otherwise breached the Settlement Agreement.

36. Norwood's actions have caused Kustom and Mr. Liddle to engage counsel and defend this action thereby causing damage to Kustom.

37. Norwood's actions have disrupted Kustom's business which is primarily operated by Mr. Liddle, causing damage to Kustom.

38. Norwood has not dealt with Kustom in good faith and in a fair manner of dealing.

39. Norwood has breached the Agreements by the actions identified above to Kustom's damage.

### CANCELLATION OF REGISTRATION AND DECLARATION OF INVALIDITY

40. The foregoing allegations are incorporated by reference.

41. Lanham Act §37 gives this Court the power to cancel Norwood's word mark KOOZIE, Reg. No. 3,240,989, IC 21 for insulated containers for beverage cans ("Mark").

42. By virtue of Norwood's breaches of the Agreements, Kustom is free to challenge the Mark which is not incontestable.

43. Regardless of what connotations as a source identifier it may have once possessed, "koozie" has become widely used as one of a small number of generic terms for foam

or other insulating material sleeves for beverage containers. This generic use has continued, if not accelerated, since on or about August, 2006.

44. "Koozie" as a generic term is found not only in product advertising materials including national television and radio commercials in addition to internet uses, but has become a noun used in communications and formal writing to describe the objects themselves.

45. "Koozie" is not inherently distinctive and has not become distinctive in that retail purchasers in particular do not associate the mark with Norwood alone.

46. The USPTO consistently refused to register "koozie" under Lanham Act §2(e)(1) because the term was merely descriptive, and that refusal was never overcome by "Old Norwood."

47. "Old Norwood" and Norwood knew, should have known, or recklessly disregarded the erroneous federal registration of "koozie" and have vigorously enforced the erroneous registration against Kustom and Mr. Liddle.

48. The Mark should be cancelled and declared invalid.

49. The great disparity in resources, the history of the parties' dealings, Norwood's aggressive enforcement of its alleged mark despite knowledge that it was refused registration and that the word "koozie" continued to be used more widely as a generic or merely descriptive term, the manner in which Norwood breached the agreement, and the pendency of several opposition or cancellation proceedings initiated by Norwood against parties with marks using "koozie" variants which are stayed pending the outcome of this litigation, should be found to constitute exceptional circumstances entitling Kustom to an award of reasonable attorney fees as the prevailing party under Lanham Act §35.

Wherefore, Kustom respectfully requests damages in an amount to be determined, reasonable attorney fees, cancellation of the Mark, and a declaration by the Court that the Mark is invalid.

Respectfully submitted,

/s/ Craig E. Pinkus
Craig E. Pinkus, Atty No. 5749-49
cpinkus@boselaw.com
Robert D. Davis, Jr., Atty. No. 27805-49
rdavis@boselaw.com
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2011, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jonathan G. Polak
jpolak@taftlaw.com
Keirian A. Brown
kbrown@taftlaw.com
Erin C. Nave
enave@taftlaw.com

TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204

Craig Pinkus